UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. WRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANNON GARRIGAN, et al.,<br><br>    Defendants. | Case No. 24-cv-07278-JST<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at Kern Valley State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 regarding medical treatment he received while housed at San Quentin State Prison ("SQSP"). Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's amended complaint, ECF No. 9.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

7  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

8  alleged violation was committed by a person acting under the color of state law. *See West v.*

9  *Atkins*, 487 U.S. 42, 48 (1988).

**B.   Procedural History**

The initial complaint named as defendants San Quentin State Prison physician Shannon Garrigan and Dr. John Dowbak, who practices at San Joaquin General Hospital. The initial complaint alleged that the medical treatment provided by Defendants between January 27, 2023 to November 7, 2023 for Plaintiff's right hand and wrist showed a pattern and practice of intentionally delaying Plaintiff's access to medical care and interfering with prescribed treatments; a failure to adhere to the Hippocratic Oath; a failure to respond to Plaintiff's pain and possible medical need; and created a risk of serious harm to Plaintiff's health, in violation of the Eighth and Fourteenth Amendments. *See generally* ECF No. 1. The Court dismissed the Fourteenth Amendment claim with prejudice because the Eighth Amendment provides an explicit textual source of constitutional protection with respect to Plaintiff's claim of inadequate medical care. The Court dismissed the Eighth Amendment claim with leave to amend as follows:

> Liberally construed, Plaintiff's ongoing inability to extend his right thumb and the related excruciating pain constitutes a serious medical need. However, it is unclear as to how Defendants failed to take reasonable steps to address the scapholunate ligament tear in Plaintiff's right wrist. The complaint contradicts the allegation that Defendants routinely delayed medical treatment or disregarded the ligament tear. According to the complaint, defendant Dowbak performed a surgery and ordered multiple diagnostic tests between January 27, 2023 to late May 2023. Defendant Dowbak performed a repair surgery on January 27, 2023; removed the pin and placed Plaintiff's right hand in a half-splint on February 22, 2023; ordered a three-view x-ray in April 5, 2023 after Plaintiff reported excruciating constant pain following a pop in his wrist; recommended a surgery to repair the ligament, which Plaintiff declined; ordered an MRI in April 2023 to assist Plaintiff in deciding on next steps for treatment; and prescribed physical therapy in May 2023 after reviewing the MRI. According to the complaint, defendant Garrigan responded promptly

2

to Plaintiff's requests for medical care and carried out prescribed treatments. Defendant Garrigan ordered an MRI of Plaintiff's right wrist on April 22, 2023, as directed by defendant Dowbak; met with Plaintiff in late June 2023 in response to Plaintiff's Form 7265, discussed physical therapist Carlin's recommendation, and ordered another MRI of Plaintiff's right scapholunate ligament; and referred Plaintiff for a second opinion consult with Dr. Peterson in October 2023, when Plaintiff refused further treatment by defendant Dowbak. In addition, the diagnostic tests do not indicate that the medical treatment was inadequate. The March 2023 x-ray results were normal and did not show any damage due to the surgery; the May 2023 MRI indicated nothing wrong with the right thumb; and the August 2023 MRI was negative for any tendon or ligament tears. The April threeview x-ray indicated a torn ligament and lost fixation in the right scapholunate joint, but there was no indication that these issues were related to inadequate medical treatment, as defendant Dowbak ultimately recommended physical therapy.

    The complaint alleges that defendant Dowbak misrepresented the facts in the May 2023 MRI, but does not identify what the misrepresentation was. It is also unclear how any misrepresentation harmed Plaintiff if, as Plaintiff alleges, an MRI could not assist in diagnosing the EPL tendon. The complaint also alleges that the last two MRIs did not image Plaintiff's right scapholunate, but is contradicted by statements that the MRIs had findings regarding the right scapholunate.

    The complaint's allegations indicate that Defendants provided Plaintiff with surgery, physical therapy, multiple diagnostic tests, and a second consult over a ten-month period; and treatment was generally provided within two to three weeks of Plaintiff's requests. While the treatment provided thus far has not addressed Plaintiff's pain and inability to extend or use his right thumb, there are no facts alleged from which it can be reasonably inferred that Plaintiff's ongoing medical need is the result of Defendants' failure to take reasonable steps to address Plaintiff's medical needs. The complaint therefore fails to state an Eighth Amendment claim. Because it appears that Plaintiff can correct the above deficiencies, the Court grants Plaintiff leave to file an amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). In preparing an amended complaint, Plaintiff should identify why the medical treatment provided by Defendants was unreasonable and how Defendants knew the treatment to be unreasonable. Plaintiff is reminded that neither a difference of opinion between a prisoner-patient and prison medical authorities regarding medical treatment, nor a difference of medical opinion as to the need to pursue one course of treatment over another, states a cognizable Eighth Amendment claim.

ECF No. 5 at 6-8.

**C.**    **Amended Complaint**

The amended complaint again names as defendants San Quentin State Prison physician Shannon Garrigan and Dr. John Dowbak, who practices at San Joaquin General Hospital.

The amended complaint's factual allegations appear to repeat the Court's summary of the initial complaint in its November 25, 2024 Order, with slight changes. *Compare* ECF No. 5 *with* ECF No. 9.

The additional allegations are as follows. The injury that Plaintiff sustained on February 25, 2023 had an adverse effect on his writing hand "so much so the plaintiff lost feeling/mobility entirely." ECF No. 9 at 3. On April 25, 2023, after reviewing a three-view x-ray of Plaintiff's

3

right wrist, defendant Dowbak concluded that Plaintiff had lost a tremendous amount of "fixability" in the right scapholunate joint. ECF No. 9 at 2. On April 18, 2023, when discussing the surgery, defendant Dowbak addressed Plaintiff by the wrong name, as if he had forgotten Plaintiff's name or was "dealing with not only a sense of confusion but an (sic) grave state of bewilderment." ECF No. 9 at 4. By April 22, 2023, Plaintiff's thumb was physically deformed. ECF No. 9 at 4. The conclusion that the August 1, 2024 MRI results were negative for any tear of the tendon or ligament "can't be evident due to the deformity / pain the Plaintiff is now suffering as a result of an surgical procedure performed by Dr. Dowbak." ECF No. 9 at 6. Plaintiff informed defendant Garrigan that he would not be treated by defendant Dowbak, because he lacked confidence/trust in defendant Dowbak due to defendant Dowbak's actions at the May 17, 2023 visit, when defendant Dowbak misrepresented an MRI and confused Plaintiff's medical issues with another inmate's issues. ECF No. 9 at 6. On November 7, 2023, Plaintiff submitted a healthcare grievance alleging that there was a conflict of interest in having Plaintiff's second opinion consult take place at the same hospital that provided services to the prison and that employed the physician that caused Plaintiff's medical issue. ECF No. 9 at 7. In November 2023, Plaintiff informed defendant Garrigan that he objected to being treated by either defendant Dowbak or Dr. Peterson because the result would be the loss of his entire thumb or hand due to their medical procedural incompetence. ECF No. 9 at 7.

The amended complaint concluded that Defendants were deliberately indifferent, "fail[ed] to adequately get it right," and caused "serious harm / material adverse effect upon the health/welfare of this Plaintiff constitutional right towards adequate medical care herein." ECF No. 9 at 7. The amended complaint requests the following relief: compensatory and monetary damages against Defendants and "John Doe, et al." in a reasonable amount to be determined by a jury, nominal damages in the amount of $1.00; attorney's fees and judgment interest; and any additional relief that the Court deems just and proper. ECF No. 9 at 8.

### D.     Dismissal with Prejudice

The Court DISMISSES the amended complaint with prejudice because it merely repeats the allegations made in the initial complaint and fails to address the deficiencies identified in the

4

1    Court's November 25, 2024 Order.  In finding that the initial complaint failed to state an Eighth
2    Amendment claim, the Court stated that (1) it was unclear as to how Defendants failed to take
3    reasonable steps to address the scapholunate ligament tear in Plaintiff's right wrist, given that the
4    complaint indicated that the named defendants took multiple steps to address the tear, including
5    multiple diagnostic tests, surgery, referral to physical therapy; and given that the diagnostic tests
6    were normal and showed no damage from the surgery; and (2) it was unclear how defendant
7    Dowbak had misrepresented the MRIs, as the complaint did not identify what the
8    misrepresentation was, and it was unclear how any misrepresentation would have harmed Plaintiff
9    as Plaintiff also alleged that an MRI could not assist in diagnosing Plaintiff's problem.  The Court
10   instructed Plaintiff that an Eighth Amendment claim requires an allegation that the prison official
11   knew that a prisoner faced a substantial risk of serious harm and disregarded that risk by failing to
12   take reasonable steps to abate it.  The Court further instructed Plaintiff that a difference of opinion
13   between a prisoner-patient and prison medical authorities regarding treatment, a difference of
14   medical opinion between medical authorities, and medical malpractice or negligence do not give
15   rise to an Eighth Amendment violation.

16        The amended complaint does not address the deficiencies identified by the Court.  The
17   additional allegations in the amended complaint are that Plaintiff's thumb was deformed following
18   the surgery; that Plaintiff lost all mobility following the surgery; that defendant Dowbak appeared
19   to have confused Plaintiff with a different inmate-patient at the April 18, 2023 appointment; and
20   that Plaintiff informed defendant Garrigan that he could not trust defendant Dowbak to provide
21   competent care given his actions at the April 18, 2023 appointment.  The amended complaint
22   again fails to clarify what reasonable steps Defendants failed to take, and how the treatment
23   provided disregarded a substantial risk of serious harm to Plaintiff.  There is no allegation that
24   Defendants were aware that the January 27, 2023 surgery would cause injury to Plaintiff, and the
25   subsequent diagnostic tests state that the surgery did not cause injury to Plaintiff.  Plaintiff appears
26   to be alleging that the diagnostic tests are either wrong or were inaccurately read by Defendants
27   and other prison medical staff.  But it remains unclear what the diagnostic tests should be showing
28   and how Plaintiff knows that the diagnostic tests are incorrect or being read inaccurately.  It

1 appears that Plaintiff believes that his right thumb's current condition was caused by defendant
2 Dowbak and that defendants Dowbak and Garrigan's medical treatment thus far has failed to fix
3 the condition. However, at best, this states a claim for state-law negligence. An Eighth
4 Amendment violation requires more than negligence. *See Toguchi v. Chung*, 391 F.3d 1051,
5 1060-61 (9th Cir. 2004). In order for deliberate indifference to be established, there must be a
6 purposeful act or failure to act on the part of the defendant and resulting harm. *See Simmons v. G.*
7 *Arnett*, 47 F.4th 927, 935 (9th Cir. 2022). "Under this standard, an inadvertent failure to provide
8 adequate medical care[ and] differences of opinion in medical treatment . . . are not enough to
9 sustain an Eighth Amendment claim." *Id.*

10 The Court DISMISSES this action with prejudice. The Court has previously informed
11 Plaintiff of the deficiencies in his claims, and granted him leave to amend. Plaintiff has been
12 unable to correct the deficiencies, with his amended complaint merely repeating the Court's
13 summary of the initial complaint's factual allegations. Under these circumstances, the Court finds
14 that dismissal with prejudice is appropriate. *See Simon v. Value Behav. Health, Inc.*, 208 F.3d
15 1073, 1084 (9th Cir.), *amended*, 234 F.3d 428 (9th Cir. 2000), *and overruled by Odom v.*
16 *Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (affirming dismissal without leave to amend where
17 plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff
18 opportunities to do so, and where court had given plaintiff notice of substantive problems with
19 claims); *Plumeau v. Sch. Dist. #40, Cty of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of
20 leave to amend appropriate where further amendment would be futile).

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action with prejudice. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: July 30, 2025

JON S. TIGAR
United States District Judge

6