UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM L. WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>SHANNON GARRIGAN, et al.,<br><br>Defendants. | Case No. 24-cv-07278-JST<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION**<br><br>Re: ECF No. 12 |

Plaintiff has filed this *pro se* action, which the Court dismissed on July 30, 2025, for failure to state a cognizable claim for relief. ECF No. 10. Now pending before the Court is Plaintiff's request for reconsideration of the dismissal. ECF No. 12. For the reasons set forth below, the Court DENIES the request for reconsideration.

**DISCUSSION**

**I.  Background**

In this action, Plaintiff sued San Quentin State Prison physician Shannon Garrigan and San Joaquin General Hospital doctor John Dowbak. Plaintiff alleged that the medical treatment provided by these defendants for his right hand and wrist between January 27, 2023 to November 7, 2023 violated the Eighth Amendment's prohibition on deliberate indifference to an inmate's serious medical needs. The Court dismissed the initial complaint with leave to amend because the medical treatment detailed in the initial complaint contradicted the claim that Defendants routinely delayed medical treatment or disregarded the ligament tear in Plaintiff's right hand. The Court identified the deficiencies in the initial complaint and provided Plaintiff with guidance regarding the applicable legal principles. ECF No. 5. The amended complaint again failed to state a cognizable claim for relief and mostly repeated the Court's summary of the initial complaint with

1 some slight changes. ECF No. 9. Based on the repeated failure to state a claim, the Court
2 dismissed the action with prejudice in a detailed order. ECF No. 10.

## II. Motion for Reconsideration

### A. Legal Standard

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1K, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### B. Analysis

Plaintiff argues that the Court should vacate the order of dismissal because the failure to state a cognizable claim was due to his reliance on "an incompetent jailhouse lawyer . . . who failed to address the deficiencies identified by the Court, when drafting/filing the 'Amended Complaint.'" ECF No. 12 at 1. Plaintiff acknowledges that the record does not reflect that he relied on jailhouse counsel, but argues that the Court should have *sua sponte* appointed counsel for Plaintiff at the pleading stage because the claims of delayed medical treatment and malpractice constitute the exceptional circumstances required for appointment of counsel. *Id.* Plaintiff further argues that the Court abused its discretion in dismissing the action with prejudice, stating that in *Powell v. Basto*, 2020 U.S. Dist. LEXIS 78123 (S.D. Cal.), a district court had found that reliance on an incompetent jailhouse lawyer who failed to address deficiencies in the complaint was proper

2

grounds for a motion for reconsideration, in particular where the Ninth Circuit refused to allow such reliance to constitute cause to excuse procedural default, citing to *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988). *Id.* at 2-3.

The Court DENIES Plaintiff's request for reconsideration for the following reasons. Plaintiff has not argued, and the record does not support a finding, that there is newly discovered evidence indicating that the action should not have been dismissed with prejudice; that the Court committed clear error in dismissing the action with prejudice; or that there was an intervening change in controlling law. Plaintiff appears to be arguing that the dismissal with prejudice was manifestly unjust because the complexity of the case required the Court to *sua sponte* appoint counsel to assist him in drafting a complaint; and because he unknowingly relied on an incompetent jailhouse lawyer.

However, the Court was not required to *sua sponte* appoint counsel for Plaintiff in this case. In civil cases, there is no constitutional right to counsel unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* At the pleading stage, it is difficult to ascertain the likelihood of the plaintiff's success on the merits. Here, there were no exceptional circumstances that warranted appointment of counsel.

In addition, the fact that Plaintiff relied on a jailhouse lawyer does not render the Court's dismissal with prejudice unjust. Plaintiff is responsible for the pleadings which he submits to the Court, whether prepared by counsel, a jailhouse lawyer, or himself. *Cf.* Fed. R. Civ. P. 11(b) (by signing pleading, signatory certifies that to best of signatory's knowledge, formed after reasonable

3

inquiry, the claims and legal contentions are warranted by existing law).

Neither *Powell v. Basto*, 2020 U.S. Dist. LEXIS 78123 (S.D. Cal.), nor *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) support vacating the order of dismissal with prejudice. In *Powell*, the grounds for vacating the dismissal were distinct from the facts here. The *Powell* court vacated the dismissal because the plaintiff stated that his mental health issues had prevented him from understanding the court's prior order of dismissal with leave to amend; that the amended complaint had been drafted without assistance; and that the plaintiff now had the assistance of a jailhouse lawyer and could plead facts that would state a cognizable claim. In contrast, Plaintiff had the assistance of a jailhouse lawyer in preparing the amended complaint, yet was still unable to state a cognizable claim. Moreover, it is unclear what facts Plaintiff can allege that would state a cognizable Eighth Amendment claim. *Tacho* is inapplicable here as *Tacho* is a habeas proceeding.

## CONCLUSION

For the reasons set forth above, the Court DENIES the request for reconsideration. ECF No. 12. This denial is without prejudice to Plaintiff filing a renewed motion for reconsideration, accompanied by a proposed second amended complaint so that the Court can evaluate whether Plaintiff can state a cognizable claim. This case remains closed.

This action terminates ECF No. 12.

**IT IS SO ORDERED.**

Dated: August 21, 2025

_____
JON S. TIGAR
United States District Judge