UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>WILLIAM L. WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>SHANNON GARRIGAN, et al.,<br><br>Defendants.</td><td>Case No. 24-cv-07278-JST<br><br>**ORDER RE RENEWED REQUEST<br>FOR RECONSIDERATION**<br><br>Re: ECF No. 15</td></tr>
</table>

Plaintiff has filed this *pro se* action, which the Court dismissed for failure to state a cognizable claim for relief. ECF No. 10. For the reasons set forth below, the Court DENIES the renewed request for reconsideration of the dismissal. ECF No. 15.

**DISCUSSION**

**I.   Background**

In this action, Plaintiff sued San Quentin State Prison physician Shannon Garrigan and San Joaquin General Hospital doctor John Dowbak. Plaintiff alleged that the medical treatment provided by Defendants for his right hand and wrist between January 27, 2023 to November 7, 2023 violated the Eighth Amendment's prohibition on deliberate indifference to an inmate's serious medical needs. The Court dismissed the initial complaint with leave to amend because the medical treatment detailed in the initial complaint contradicted the claim that Defendants routinely delayed medical treatment or disregarded the ligament tear in Plaintiff's right hand:

> The complaint's allegations indicate that Defendants provided Plaintiff with surgery, physical therapy, multiple diagnostic tests, and a second consult over a ten-month period; and treatment was generally provided within two to three weeks of Plaintiff's requests. While the treatment provided thus far has not addressed Plaintiff's pain and inability to extend or use his right thumb, there are no facts alleged from which it can be reasonably inferred that Plaintiff's

> ongoing medical need is the result of Defendants' failure to take reasonable steps to address Plaintiff's medical needs. The complaint therefore fails to state an Eighth Amendment claim.
>
> Because it appears that Plaintiff can correct the above deficiencies, the Court grants Plaintiff leave to file an amended complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). In preparing an amended complaint, Plaintiff should identify why the medical treatment provided by Defendants was unreasonable and how Defendants knew the treatment to be unreasonable. Plaintiff is reminded that neither a difference of opinion between a prisoner-patient and prison medical authorities regarding medical treatment, nor a difference of medical opinion as to the need to pursue one course of treatment over another, states a cognizable Eighth Amendment claim.

ECF No. 5 at 8. The Court identified the deficiencies in the initial complaint and provided Plaintiff with guidance regarding the applicable legal principles. ECF No. 5.

The amended complaint mostly repeated the initial complaint with some slight changes, none of which addressed the deficiencies identified by the Court:

> The amended complaint does not address the deficiencies identified by the Court. The additional allegations in the amended complaint are that Plaintiff's thumb was deformed following the surgery; that Plaintiff lost all mobility following the surgery; that defendant Dowbak appeared to have confused Plaintiff with a different inmate-patient at the April 18, 2023 appointment; and that Plaintiff informed defendant Garrigan that he could not trust defendant Dowbak to provide competent care given his actions at the April 18, 2023 appointment. The amended complaint again fails to clarify what reasonable steps Defendants failed to take, and how the treatment provided disregarded a substantial risk of serious harm to Plaintiff. There is no allegation that Defendants were aware that the January 27, 2023 surgery would cause injury to Plaintiff, and the subsequent diagnostic tests state that the surgery did not cause injury to Plaintiff. Plaintiff appears to be alleging that the diagnostic tests are either wrong or were inaccurately read by Defendants and other prison medical staff. But it remains unclear what the diagnostic tests should be showing and how Plaintiff knows that the diagnostic tests are incorrect or being read inaccurately. It appears that Plaintiff believes that his right thumb's current condition was caused by defendant Dowbak and that defendants Dowbak and Garrigan's medical treatment thus far has failed to fix the condition. However, at best, this states a claim for state-law negligence. An Eighth Amendment violation requires more than negligence. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See Simmons v. G. Arnett*, 47 F.4th 927, 935 (9th Cir. 2022). "Under this standard, an inadvertent failure to provide adequate medical care[ and] differences of opinion in medical treatment . . . are not enough to sustain an Eighth Amendment claim." *Id.*

2

ECF No. 10 at 5-6.  On July 30, 2025, the Court dismissed the action with prejudice in a detailed order based on the repeated failure to state a claim.  ECF No. 10.

Plaintiff filed a motion for reconsideration, arguing that the Court should vacate the order of dismissal because the failure to state a cognizable claim was due to his reliance on an "incompetent jailhouse lawyer" who failed to address the deficiencies identified by the Court when drafting the amended complaint.  ECF No. 12.  The Court denied the motion for reconsideration because Plaintiff had not provided newly discovered evidence that justified vacating the dismissal; because he had not demonstrated that the Court had committed clear error in dismissing the action with prejudice or that the dismissal with prejudice was manifestly unjust; and because there was no intervening change in controlling law that required vacating the dismissal.  The Court noted that it was unclear what facts could be alleged that would state a cognizable Eighth Amendment claim.  The Court's denial of the reconsideration motion was without prejudice to Plaintiff filing a renewed motion for reconsideration, accompanied by a proposed second amended complaint so that the Court could evaluate whether Plaintiff could state a cognizable claim.  ECF No. 14.

Plaintiff has now filed a renewed motion for reconsideration, accompanied by a proposed second amended complaint.  ECF No. 15.

**II.     Motion for Reconsideration**

**A.     Legal Standard**

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).  The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b).  *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School*

United States District Court
Northern District of California

*Dist. No. 1K, Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### B.    Analysis

Plaintiff argues that the Court committed clear error in dismissing the action with prejudice because dismissal with prejudice is an extreme measure where the action was filed *pro se* and involves complex medical treatment, malpractice issues, state tort law, and federal jurisdiction, and where there had only been one opportunity to amend. Plaintiff cites to various out-of-circuit cases for support for these arguments. ECF No. 15 at 1-3. Plaintiff has also filed a proposed second amended complaint that he states cures the deficiencies identified by the Court. ECF No. 15 at 5-16.

The Court DENIES Plaintiff's renewed request for reconsideration because he has not demonstrated that the Court committed clear error in dismissing the amended complaint for failure to state a claim or in dismissing the action with prejudice. The Court did not commit clear error in dismissing the amended complaint with prejudice because, despite being given notice of the substantive problems with the complaint and granted leave to amend, Plaintiff's amended complaint mostly repeated the Court's summary of the initial complaint with some slight changes, none of which addressed the deficiencies identified by the Court. *Compare* ECF No. 1 *with* ECF No. 9; *see also* ECF No. 10; *Simon v. Value Behav. Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir.), *amended*, 234 F.3d 428 (9th Cir. 2000), *and overruled by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint after being given notice of substantive problems). In addition, the proposed second amended complaint attached to the motion for reconsideration again fails to address the deficiencies identified by the Court, indicating that granting leave to amend would have been futile.

To state an Eighth Amendment claim for deliberate indifference to an inmate's serious medical needs, a plaintiff-prisoner must allege facts from which is can be reasonably inferred that

4

United States District Court
Northern District of California

the prison official knew that a prisoner faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The key element is that the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. Cty of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "Under this standard, an inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim." *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022); *see also Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between prisoner-patient and prisoner medical authorities as to treatment does not, by itself, give rise to a Section 1983 claim); *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004) (difference of medical opinion as to treatment does not, by itself, give rise to a Section 1983 claim). Under this standard, a claim of medical malpractice or negligence is also insufficient to make out a violation of the Eighth Amendment. *Toguchi*, 391 F.3d at 1060-61.

The new allegations in the proposed second amended complaint do not address the deficiencies identified by the court. The proposed second amended complaint is similar to the prior complaints but adds one defendant and makes the additional allegations listed below. The proposed second amended complaint names San Joaquin General Hospital doctor Steven Peterson as a defendant but merely repeats the allegations regarding defendant Peterson that were made in the prior complaints: defendant Peterson examined Plaintiff on October 24, 2023; assessed him as having loss of reduction in the scapholunate interval with recurrence of scapholunate dissociation, and EPL tendon dysfunction, which is either secondary to a ruptured tendon at the level of the wrist or scarring of that tendon at the same level; and referred Plaintiff for a second opinion

regarding the right scapholunate ligament.  ECF No. 15 at 14.  The proposed second amended complaint makes the following allegations that were not made in the prior complaints:

- The medical treatment provided by defendant Dowbak was not within the standard of care for a reasonable orthopedic surgeon because defendant Dowbak used the wrong tools during the surgery and nicked Plaintiff's EPL tendon in his right hand during the February 22, 2023 pin removal procedure. Defendant Dowbak should have realized from Plaintiff's movements during the pin removal procedure that Plaintiff was in pain. Defendant Dowbak was inexperienced, lacked training, and was unqualified.

- Dr. White ordered x-rays of Plaintiff's right-hand/wrist area, but x-rays could not have detected problems with Plaintiff's EPL.

- Plaintiff's symptoms were indicative of a torn EPL but Defendants failed to image his EPL or take other steps to determine whether there was a torn EPL, despite knowing that not taking steps to make an accurate assessment would lead to permanent damage and pain.  Defendant Dowbak incorrectly diagnosed Plaintiff's pain as stemming from scapholunate advanced collapse when Plaintiff's complaints indicated a ruptured EPL.

- Defendant Dowbak and defendant Garrigan have been sued in other actions for providing constitutionally deficient medical care.

- Defendant Garrigan misrepresented the May 2023 MRI as showing nothing wrong with Plaintiff's EPL, when the MRI either did not image the EPL well, or did not image the EPL at all.  Physical therapist Carlin stated that she could find no MRI images of Plaintiff's EPL in his file.

*See generally* ECF No. 15 at 5-16.  The primary difference between the proposed second amended complaint and the prior complaints is that Plaintiff now alleges that defendant Dowbak nicked Plaintiff's extensor pollicis longus ("EPL") during the February 22, 2023 surgery; Defendants insisted that the injury was a scapholunate tear but should have known from Plaintiff's complaints of pain that Plaintiff likely had an EPL tear; and Defendants failed to acknowledge or treat the EPL tear, and refused to image the EPL area.  *See generally* ECF No. 15 at 5-16.  The prior complaints had identified the medical need as a right scapholunate tear due to defendant Dowbak's February 22, 2023 surgery, and alleged that the scapholunate tear went untreated or was not properly treated.

Similar to the prior complaints, the proposed second amended complaint describes, at most, negligence by defendant Dowbak and a difference of opinion between medical professionals as to the cause of Plaintiff's pain and limited mobility and the appropriate treatment.  The physical therapist's assessment that Plaintiff had an EPL tear, and not a right scapholunate tear, is a difference of opinion between medical professionals as to diagnosis and treatment which does not

state an Eighth Amendment claim. *Toguchi*, 391 F.3d at 1058-60.  The allegation that Defendants should have realized that Plaintiff had an EPL tear and treated him for an EPL tear describe an inadvertent failure to provide care, which does not state an Eighth Amendment claim. *Simmons*, 47 F.4th at 934.  The allegation that Defendants knew that Plaintiff had an EPL tear but deliberately chose to only image the scapholunate ligament to hide the damage done by defendant Dowbak; that they misrepresented the results of the MRIs; and that the MRI results are incorrect are speculative.  In addition, these allegations are based on the claim that it was clear that Plaintiff had an EPL tear, which is contradicted by the proposed second amended complaint's allegations. When Plaintiff initially reported the pain, he informed prison medical staff that he had a scapholunate tear and sought treatment based on that diagnosis.  The proposed second amended complaint reports that multiple doctors assessed Plaintiff's pain and mobility issues as stemming from a scapholunate tear.  Finally, as discussed previously, the record indicates that prison medical officials, including Defendants, took reasonable steps to address Plaintiff's concerns, even if these steps did not resolve the issue and even if Plaintiff believes that this was not the appropriate medical treatment.  The proposed second amended complaint recounts numerous doctor's visits, examinations by different doctors, a second opinion, two x-rays, two MRIs, physical therapy, and surgery appointment.  *See generally* ECF No. 15 at 5-16.  Even if the Court erred in failing to give Plaintiff an additional opportunity to amend the complaint, any such error was harmless as Plaintiff's proposed second amended complaint again fails to state a cognizable Eighth Amendment claim.  Granting Plaintiff leave to amend the amended complaint would have been futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the reasons set forth above, the Court DENIES the renewed request for reconsideration. ECF No. 15. This case remains closed.

This action terminates ECF No. 15.

**IT IS SO ORDERED.**

Dated: June 11, 2026

_____
JON S. TIGAR
United States District Judge